

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
ston, TX. 77002-3111
3/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

July 17, 1986

Honorable Michael J. Guarino
Criminal District Attorney
405 County Courthouse
Galveston, Texas   77550

Opinion No.  JM-524

Re: Whether purchases for a county health district must be made by the county purchasing agent

Dear Mr. Guarino:

You have asked whether the Galveston County Health District is required to comply with article 1580, V.T.C.S., in purchasing materials and supplies for the health district.

You inform us that Galveston County entered into an agreement with other local political entities within the county to organize a health district pursuant to article 4436b, V.T.C.S.  The cooperative agreement among its members provides as follows:

> In the purchase of all services, equipment and materials, the Board shall adhere to the applicable statute(s) which governs counties for the purchase of services, equipment and materials, although the Board is not required to use the services of the County Purchasing Agent or County Auditor.

Article 1580, V.T.C.S., provides as follows:

> Section 1.  (a)  In all counties of this state having a population of seventy-four thousand (74,000) or more inhabitants according to the last preceding Federal Census, a majority of a Board composed of the judges of the District Courts and the County Judge of such county, may appoint a suitable person who shall act as the county purchasing agent for such county, who shall hold office, unless removed by said judges, for a period of two (2) years, or until his successor is appointed and qualified, who shall execute a bond in the sum of Five Thousand Dollars ($5,000), payable to said county, for the faithful performance of his duties.

> (b)  It shall be the duty of such agent to make all purchases for such county of all supplies, materials and equipment required or used by such county or by a subdivision, officer, or employee thereof, excepting such purchases as may by law be required to be made by competitive bid, and to contract for all repairs to property used by such county, its subdivisions, officers, and employees, except such as by law are required to be contracted for by competitive bid.  All purchases made by such agent shall be paid for by warrants drawn by the county auditor on the county treasurer of such county as in the manner now provided by law.
>
> (c)  It shall be unlawful for any person, firm or corporation, other than such purchasing agent, to purchase any supplies, materials and equipment for, or to contract for any repairs to property used by, such county or subdivision, officer, or employee thereof, and no warrant shall be drawn by the county auditor or honored by the county treasurer of such county for any purchases except by such agent and those made by competitive bid as now provided by law; provided that the county purchasing agent may lawfully cooperate with the purchasing agent for any incorporated city or cities in such county to purchase such items in volume as may be necessary, and the County Treasurer shall honor any warrant drawn by the county auditor to reimburse any city purchasing agent making such purchase for the county.  (Emphasis added).

The Galveston County purchasing agent maintains that article 1580 requires that all purchases of supplies and materials for the health district should also be made through his office.  We disagree with this assertion.

Article 4436b, V.T.C.S., the Local Public Health Reorganization Act, was enacted in 1983 by the Sixty-eighth Legislature to repeal sixteen existing statutes relating to city and county health officers, and to establish intergovernmental health departments.  See V.T.C.S. art. 4436b, §1.02; see also Bill Analysis to S.B. No. 109, prepared for Committee on Public Health, filed in Bill File to S.B. No. 109, Legislative Reference Library.  Art. IV of the Local Public Health Reorganization Act allows a county and one or more incorporated municipalities in the county to establish a public health district. Art. 4436b, §§4.01-4.09.  The members of the district must prepare a written instrument that governs its financial administration.  Art. 4436b, §4.03(1).

We think that the authority of the members to contract in regard to the financial administration of the district permits them to agree to make purchases without the services of the county purchasing agent.

### S U M M A R Y

The Galveston County Health District is an independent political subdivision of the state, and is specifically authorized by article 4436b, V.T.C.S., to perform public health functions within Galveston County. It has the discretion to determine whether to utilize the services of the county purchasing agent in accordance with article 1580, V.T.C.S.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General